### 5670. Whitlock *v.* Wynn Company.

WADE, J. 1. Where a contract of rental is reduced to writing and properly signed, parol evidence as to the terms of the written instrument is inadmissible, where it appears that the contract has not been lost or destroyed, but is actually in court under a notice from the opposite party to produce it as evidence.

2. In order to subject property levied upon, it is incumbent upon the plaintiff in fi. fa. to show that the defendant in fi. fa. was in possession of the property at the time of the levy (and thus shift the burden to the claimant), or to show that the defendant in fi. fa. had the legal title thereto. Under the testimony set out in the answer to the petition for certiorari, the plaintiff in fi. fa. failed to show either title or possession in the defendant.

3. Where, with the consent of the landlord and at the instance of the other party to a written contract of rental, the contract is surrendered and cancelled, and, in lieu of it, a new contract of rental, signed by another party, is substituted, the fact that the original contract was executed would not establish the relation of landlord and tenant between the parties to the original contract, though it might illustrate the transaction and serve to corroborate other positive evidence, if such evidence has been presented.

4. To overcome direct and positive evidence, the law requires something more than a strong suspicion as to the true facts of the case; and since the verdict in this case was not sustained by the evidence, the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Roan, J., absent.*
DECIDED AUGUST 22, 1914.

Certiorari; from Fayette superior court—Judge R. T. Daniel. March 27, 1914.

Cotton grown in the year 1911 on a rented farm on which J. F. Whitlock resided was levied on, under an execution against him in favor of the Wynn Company, and was claimed by his wife, E. R. Whitlock. On the trial of the claim, in a justice's court, the plaintiff in fi. fa. introduced testimony of W. T. Glower, as follows: "J. F. Whitlock in 1911 lived on my Johnson place. . . He rented the Johnson place from me in the year 1911. . . He gave me a rent note for the farm, and about two months later he came to me and asked me for the rent note—he said to have his wife sign the note. I do not remember if Mrs. Whitlock's name, was on the note or not. The rent is paid. He rented for standing rent. He paid three bales of lint cotton, 1,500 pounds. J. F. Whitlock brought me the warehouse receipts for the three bales of cotton last fall, and took up the rent note for the year 1911. I do not know where said note is now. I do not remember whose name was signed to said note when paid. J. F. Whitlock's name was originally on said note. J. F. Whitlock paid off the note some time last fall, I do not remember the date. . . J. F. Whitlock signed a note for rent of the Johnson place for the year 1911, and afterwards came to me and got the note for his wife to sign. . . I do not remember of Mr. Whitlock's ever telling me he was renting

the place as agent for his wife. It is true I do not remember all about this transaction, but what I have stated above I do remember. The note will speak for itself." J. F. Whitlock testified for the claimant, as follows: "This cotton levied on is not my property, and never has been. The cotton belongs to my wife. Her name is E. R. Whitlock. She rented the land that grew this cotton. I have no interest in or title to this cotton levied on. I first rented the land for the year 1911 from Judge Glower, and afterwards cancelled the trade, and my wife rented the land. I had nothing to do with the stuff raised. It was hers, and this cotton is hers. Judge Glower filled out that note Mr. Hollingsworth is showing me, for my wife to sign, and she signed it herself. This was her cotton; it has never been mine or in my possession. Mr. Culpepper did not fill out that note. Judge Glower did it himself." The note referred to ("produced under notice by the plaintiff in fi. fa.") was introduced in evidence. It was dated August 22, 1910, and was signed "E. R. Whitlock," and contained a promise to pay, by October 10, 1911, to the order of W. T. Glower, 1500 pounds of lint cotton, "for rent of Johnson place," for the year 1911. J. W. Culpepper testified: "That note looks like it was filled out in my handwriting. My recollection is that Mr. Whitlock brought the note he gave Judge Glower for rent to my office, and I fixed out new notes for his wife, E. R. Whitlock, to sign, as she was renting the lands instead of J. F. Whitlock. This was soon after court in Fayetteville in September, 1910, when this case, or a branch of it, was up for trial." There was no further testimony. The jury rendered a verdict against the claimant, and she took the case to the superior court by certiorari; the certiorari was overruled, and she excepted to that judgment. Among the exceptions in the petition for certiorari were exceptions to Glower's testimony as to the rent note.

*J. W. Culpepper,* for plaintiff in error. *W. B. Hollingsworth,* contra.